FILED - GR
June 15, 2015 3:15 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc    SCANNED BY: /s/ 6/16

United States District Court

For the Western District of Michigan

1:15-cv-628
Paul L. Maloney, Chief Judge
United States District Court

Darlene J. Dowling

Plaintiff

V                                                Case Number:

Shermeta, Adams & Von Allmen P.C.                Civil Complaint FDCPA

Defendant

---

| | |
|---|---|
| Darlene J. Dowling | Kyle J. Von Allmen (P52776) |
| 703 S. Greenville W. Drive | Attorney for Defendant |
| #7-242 | Shermeta, Adams & Von Allmen, P.C. |
| Greenville, Michigan 48838 | Post Office Box 5016 |
| Telephone: 734 788 7446 | Rochester, Michigan 48308 |
| | Telephone: 248 519 1700 |

---

**Complaint and Jury Demand**

**Complaint for violations of the Fair Debt Collection Practices Act,**

**and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF**

COME NOW, the PLAINTIFF, Darlene J. Dowling respectfully requests this Court to issue

Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages.

In support thereof, Plaintiff shows unto the Court as follows:

1

1. This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are collectively and individually Debt Collector Attorneys in the employ Shermeta, Adams & Von Allmen P.C., and other known and unknown actors inclusive of agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Debt collection Practices Act the Michigan Revised Judicature Act[1], the Michigan Consumers Protection Act[2] and concurrently the Telephone Consumer Protection Act[3] An actual controversy exists between the parties, in that the challenged actions of the Defendants have caused and will continue to cause the Plaintiff substantial harm unless the requested relief is granted.

## Jurisdiction and Venue

2. Jurisdiction of this court arises under Title 15 USCA § 1692k(d) and Title 28 USCA § 1331. Declaratory and Injunctive Relief is available pursuant to 28 USCA § 2201.

3. This court may exercise supplemental jurisdiction over the related Federal law claim under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 USC § 227 *et seq.*, and state law claims arising out of the same nucleus of operative facts which give rise to the Fair Debt Collection Practices Act claims.

4. Venue is proper, because many of the relevant events occurred within Michigan which is located within this District.

---

1. Public Act 236 of 1963
2. Public Act 331 of 1976
3. Title 47 USCA  Chapter 5 Subchapter II Part I § 227

2

5. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

6. This is an action moved by a Consumer for violations of the above named Acts moved by the Defendants in connection with a purported debt which led said Defendants' to move collection tactics in known violation to the Fair Debt Collection Practices Act, and State Laws, which leads said Plaintiff to seek civil damages and, to the extent possible, inclusive of injunctive and declaratory relief.

**Parties**

7. The Plaintiff is a Michigan State Citizens residing within Ionia County in Michigan.

8. The Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are in the employ of the Debt Collection Attorney Firm Shermeta, Adams & Von Allmen P.C., is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.

9. The Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are employees of the Defendant Debt Collection Attorney Firm Shermeta, Adams & Von Allmen P.C., and were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another on behalf of both Collection Agency Inc., and John's Apartments.

10. The Defendant's employer Debt Collection Attorney Firm Shermeta, Adams & Von Allmen P.C. was engaged under Contract by a third party National Attorney Network (NAN®) is the

3

legal management unit for TSYS® Debt Management (TDM) to pursue claims in the name of Capital One Bank (USA), N.A.

11. The Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) were and are to this day in the employ of the Debt Collection Attorney Firm Shermeta, Adams & Von Allmen P.C., who initiated this collection action by litigation who singularly and collectively acted as the duly authorized agents for their employers.

## Statement of Facts

12. Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are collectively and individually Debt Collector Attorneys in the employ of an Shermeta, Adams & Von Allmen P.C., a legal firm that specializes in the collection of debts by litigation.

13. Correspondence generated orally, and or by written communication issued by Shermeta, Adams & Von Allmen P.C. prior contained the statutory disclosure required of ALL Debt Collectors as defined in the Fair Debt Collection Practices Act[4].

14. Shermeta, Adams & Von Allmen P.C. is not a debt servicer as they secured this account collection activity directly from a third party known as The National Attorney Network (NAN®) who is the legal management unit for TSYS® Debt Management (TDM).

15. Shermeta, Adams, & Von Allmen P.C., is a member of TSYS Debt Management's National Attorney Network, an operating entity of Total System Services, Inc, commonly known as TSYS®.

---

4. Title 15 USCA Chapter 41 Subchapter A § 1692(e)(11)

16. National Attorney Network (NAN®) the legal management unit for TSYS® Debt Management (TDM) stands as a forwarding company that falls within the statutory definition of a "collection agency" as clearly stated by the Michigan Supreme Court in <u>Badeen v Par Inc Docket No. 147150</u>.

17. The National Attorney Network (NAN®) is the legal management unit for TSYS® Debt Management (TDM) that proffers post defaulted consumer credit obligation collection activity in its own name to legal firms who specialize in collecting post defaulted consumer credit obligations by litigation.

18. The National Attorney Network is not a Debt Servicer; it stands as the legal management firm for TSYS Debt Management that knowingly capitalizes post defaulted consumer credit obligations in its own name with Debt Collector Attorneys whose regular course of business is the collection of said debts by litigation.

19. The Supreme Court of the United States stated plainly in <u>Heintz v Jenkins 514 US 291 on page 299</u> in the October Term of 1994, that an attorney whose regular course of business is to collect debts by litigation is the statutorily defined Debt Collector.

20. Legal Venue of a Debt Collector Attorney's post defaulted consumer credit obligation collection activity by litigation is defined by Federal Law as codified in the Fair Debt Collection Practices Act[5].

21. Shermeta, Adams & Von Allmen P.C. inclusive of its hirelings, is operating in a Federally regulated marketplace in Michigan as a Third Party Debt Collector on behalf of its undisclosed principle, TSYS Debt Management's National Attorney Network.

---

5. Title 15 USCA Chapter 41 Subchapter V § 1692l(A)(2)

5

22. The State Complaint prosecuted under the direction of Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825), was moved in violation to the Fair Debt Collection Practices Act for said professional actors have collectively filed an initial written communication to in a State Court to simulate a legal process in their dilatory attempt to collect a "post defaulted consumer credit obligation" under the fictitious pretext that they had standing as attorneys of record for Capital One Bank (USA), N.A..

23. Shermeta, Adams & Von Allmen P.C. secured this post defaulted consumer credit obligation action DIRECTLY from the regulated debt management firm TSYS Debt Management's legal management firm, National Attorney Network.

24. Capital One Bank (USA), N.A. devolved into a Debt Collector as defined in Title 15 USCA § 1692a (6) when it directly engaged the services of TSYS Debt Management's legal management firm, National Attorney Network, where it said legal management firm then moved forward in its own name to engage Shermeta, Adams & Von Allmen P.C. to pursue the collection activity by litigation for debt owed or due or asserted to be owed or due another.

25. TSYS Debt Management specializes in capitalizing post defaulted consumer credit obligations through its legal management unit, National Attorney Network, by solicitation of others, who moves with its participating Debt Collector Legal Firms, which in this instant case is Shermeta, Adams & Von Allmen P.C. located in Rochester Michigan to collect said defaulted obligations by litigation.

26. Shermeta, Adams & Von Allmen P.C. is moved on behalf TSYS Debt Management's legal Management Firm, National Attorney Network to collect a post defaulted consumer credit obligation by litigation in a State Court through its employees the Debt Collector Attorneys

Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825), from its Office in Rochester, Michigan.

27. Capital One Bank NA engaged the debt Forwarding Company National Attorney Network (NAN®) the legal management unit for TSYS® Debt Management (TDM) who then subsequently directly engaged the Debt Collector Attorney Firm Shermeta, Adams & Von Allmen P.C. whose employees Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825), moved to collect a posted defaulted consumer credit obligation by litigation in the State Court.

28. Capital One Bank NA was not moving to collect a debt owed or due or asserted to be owed or due another in its own name, for when it turned said debt collection activity over to the debt management firm TSYS Debt Management[6], said debt management firm then moved forward to pursue a debt collection action under the NAME of its legal management firm National Attorney Network[7] who directly engaged Shermeta, Adams & Von Allmen P.C., of Rochester Michigan to collect a debt owed or due or asserted to be owed or due another by litigation in a State Court in violation to Title 15 USCA § 1692i(b).

29. When a creditor, this instant case is Capital One USA[8], uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts, it

---

6. The narrative arc of MCL 339.901(b) suggests that "soliciting a claim for collection" means contacting the creditor regarding any unpaid claims that the collection agency can pursue. Taken together, the three acts that render a person a collection agency—soliciting a claim for collection, attempting to collect, and actually collecting the debt—make up the entire continuum of the debt-collection process. <u>Badeen v Par Inc, Docket No. 147150</u>

7. Title 15 USCA Chapter 41 Subchapter V § 1692a(6)

8. Title 15 USCA Chapter 41 Subchapter V § 1692a(6) Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

7

then stands as the "Debt Collector" as defined in the Fair Debt Collection Practices Act, which prohibits said federally defined Debt Collector from moving legal actions to collect a debt[9].

30. Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are Debt Collector Attorneys whose regular course of Business, inclusive of Shermeta, Adams & Von Allmen P.C.'s in office personnel, are collectively pursuing the collection of a post defaulted consumer credit obligation by submitting a statutorily defined initial written communications[10] to a State Court within the geographical jurisdiction of Montcalm County.

31. Shermeta, Adams & Von Allmen P.C. has statutorily violated the Fair Debt Collection Practices act for failing to provide the "validation notices" in accordance with Title 15 U.S.C.A. Chapter 41 Subchapter V § 1692g (a).

32. Shermeta, Adams & Von Allmen P.C. has statutorily violated the Fair Debt Collection Practices venue[11] provision of the Fair Debt Collection Practices Act.

33. TSYS Debt Management's National Attorney Network is the party of interest statutorily defined, as a debt collector that engaged Shermeta, Adams & Von Allmen P.C. to pursue the collection of a post defaulted consumer credit obligation by litigation in a State Court in an improper venue that was foreign to the Home of the Party Plaintiff.

34. Capital One Bank (USA) NA was the fictitious plaintiff in the State Court action, wherein it legally stood as defined in the Fair Debt Collection Practices as the Statutorily standing Debt Collector.

---

9. Title 15 USCA Chapter 41 Subchapter V § 1692i(b)

10. Title 15 USCA Chapter 41 Subchapter V § 1692a (2): The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

11. Title 15 USCA Chapter 41 Subchapter V § 1692i(b)

8

35. The National Attorney Network (NAN®) is the legal management unit for TSYS® Debt Management (TDM) that is notoriously moving through the offices of Shermeta, Adams & Von Allmen P.C. wherein both parties stand collectivity moving in overt silence in the State, Court action, moving a known false, deceptive, or misleading representation or means in connection with the collection of any debt by litigation in said State Court under the name of a fictitious plaintiff[12], wherein said fictitious plaintiff by its actions is defined by the Fair Debt Collection Practices Act as the Debt Collector.

36. Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are the Debt Collector Attorneys moving on behalf of their employer, where their employer, and themselves singularly, and collectively stand as the statutorily defined debt collector.

37. The Debt Collector Attorneys Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are collectively and individually, attempting to claim they may statutorily violate the substantive rights of the Party Plaintiff by knowingly violating the Michigan Occupational Code[13], and concurrently the Telephone Consumer Protection Act[14], whilst intentionally, knowingly and willingly violating the Federal regulatory authorities incorporated within Fair Debt Collection Practices Act[15] as the statutorily defined debt collectors.

38. The Debt Collector Attorneys Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) moved an unconscionable act in the State Court which stood in direct violation to the Fair Debt Collection Practices Act, Michigan's Revised Judicature

---

12. Title 15 USCA Chapter 41 Subchapter V § 1692e(10)

13. Public Act 299 of 1980

14. Title 47 USCA Chapter 5 Subchapter II Part I § 227

15. Title 15 USCA Chapter 41 Subchapter V

Act of 1961, and the Rules of the State Court to perfect a moneyed judgment under the color of law.

39. Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) are collectively, and individually are Debt Collector Employees, who improperly allege they may hide behind exemptions in the Michigan Occupations Code as a litigator which contradicts the Fair Debt Collection Practices Act in this instant action, wherein said employees in their collective and singular standing, are statutorily defined to be debt collectors in concordance to the preemption clause of Federal Law whilst in the employ of the legal debt collection firm of Shermeta, Adams & Von Allmen P.C. on behalf of their undisclosed third party associate TSYS Debt Management legal management firm, National Attorney Network.

40. The Plaintiff Darlene J. Dowling suffered innumerable telephonic communications wherein Shermeta, Adams & Von Allmen P.C. without Prior Consent, without identifying the purpose of the communication, stood first in known statutory violation to the Fair Debt Collection Practices Act, and secondly in a directed violation to the Telephone Consumer Protection Act.

41. These innumerable and repetitive telephonic communications initiated by the unknown statutorily defined debt collector employees in service to Shermeta, Adams & Von Allmen P.C. failed to identify themselves as a Debt Collector, which substantiates said telephonic communication violates the Telephone Consumer Protection Act, the Michigan Consumer Protection Act, the Michigan Occupations Code, and the Federal Fair Debt Collection Practices Act.

42. All these violations are the directed result of Shermeta, Adams & Von Allmen P.C. operating from their offices in Rochester Michigan, and then upon the floor of the State Court through its hirelings, the debt collector attorneys Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) whom collectively, and individually knowingly breached the Federal Fair Debt Collection Practices Act as said entity and its hirelings moved a "post default consumer credit obligation" collection activity by litigation in an ***improper venue as the federally defined debt collector.***

43. Venue for a debt collection activity stands in compliance to Federal Law, as defined in the Fair Debt Collection Practices Act, which substantiates this instant action as moved by the Debt Collector Legal Firm of Shermeta, Adams & Von Allmen P.C. in the State Court sitting in Montcalm Michigan violated the regulatory authorities of the Federal Fair Debt Collection Practices Act, where said court action did not stand properly as subject matter, nor personam jurisdiction wherein said Debt Collector Legal Firm deceptively moved to perfect a State moneyed judgment.

44. Shermeta, Adams & Von Allmen P.C. moved as the statutorily defined Debt Collector, from where Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825), are collectively and individually the statutorily defined Debt Collector Attorney, moved improperly in directed statutory violation to the Fair Debt Collection Practices Act wherein they presented an initial written communication in the State Court sitting in Montcalm County to litigate the collection of a post defaulted consumer credit obligation by posting allegations that said Debt Collector Employees were representing a Real Party In Interest as "attorneys" which act stands in direct contradiction to the Michigan Revised Judicature Act of 1961, and Fair Debt Collection Practices Act.

45. Shermeta, Adams & Von Allmen P.C., operating out of its Office in Rochester, Michigan on behalf of its undisclosed third party Principle, TSYS Debt Management's legal management firm, National Attorney Network, who all collectively and individually stood inclusive of the Fictitious Party Capitol One Bank NA., in the State Court in Montcalm County as the federally defined Debt Collector under the agency of its hirelings the debt collector attorneys Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) to secure Moneyed judgment by willingly violating the regulatory authorities of the Federal Fair Debt Collection practices Act.

46. Shermeta, Adams & Von Allmen P.C. is an agent of TSYS Debt Management's legal management firm, National Attorney Network, and as such stands as the statutorily defined Debt Collector in this instant action, who knowingly moved a deceptive and unfair trade practices act that is a known statutory violation of the Fair Debt Collection Practices Act, and the Michigan Revised Judicature Act of 1961, and as clearly stated the Court's decision in *Bay Co Bar Association v Finance System, Inc, 345 Mich 434, 447 (1956)* that a known Debt Collector standing in the Court, even under the hand of an attorney at law, is moving an unlicensed practice of law.

## Count I Violations of
## Fair Debt Collection Practices Act

47. The allegations of paragraphs 11 through 46 of this Complaint are realleged and incorporated by reference.

48. The defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C. are debt collectors, as defined by Title 15 USCA § 1692a(6).

12

49. The defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C. violated the Federal Fair Debt Collections Practices by moving an unfair and deceptive legal action.

50. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt

51. The Defendant violated § 1692e by communicating information which is known to be false.

52. Moving a collection activity by litigation in an improper venue to secure a moneyed judgment where said actions violated the regulatory authorities of the Federal Fair Debt Collection Practices Act.

53. The foregoing violations of the Federal Fair Debt Collections Practices Act are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

## Count II Violations of
## Telephone Consumer Protection Act

54. The allegations of paragraphs 11 through 46 of this Complaint are realleged and incorporated by reference.

55. Shermeta, Adams & Von Allmen P.C., regularly and in the course of business, moves telephonic contacts without permission of the consumer, and without disclosure as to the nature of their Debt Collection Activity wherein said actor did not notify the Plaintiff at any time that it was pursuing a collection activity on behalf of itself or another party for debt owed, or asserted to be owed another.

56. Shermeta, Adams & Von Allmen P.C., violated the privacy of the Plaintiff by repeatedly making telephonic contract by a common carrier in interstate commerce wherein said actor repeatedly failed to disclose the nature of its activity.

## Count III Violations of
## Michigan Revised Judicature Act

57. The allegations of paragraphs 11 through 46 of this Complaint are realleged and incorporated by reference.

58. The Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C. moved a malicious prosecution[16] where the aforementioned party moved a deleterious, frivolous[17], and vexatious complaint to harass the Party Plaintiff by imposing an unwarranted financial burden[18] which was the intention of said Party defendants, who at all times then and now, stand as the Federally defined debt collector.

59. Shermeta, Adams & Von Allmen P.C., collection action by litigation violated the Fair Debt Collection Practices Act, and Michigan Court Rule 2.201(B) as it was stood in the improper venue of the State Court sitting in Montcalm County Michigan.

60. The legal activity of the Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C. who stands to this day as the Federally Defined Debt Collector as they did during the

---

16. Public Act 236 of 1961 § 2907

17. MCR 6.25(A)(2)

18. <u>Porter v United Shirt Distributors Inc, 176 Mich App 145 (1989)</u>

pendency of the action in the State Court sitting in the improper venue of Montcalm County Michigan at all times was to impose an unwarranted financial burden by knowingly violating State Law, State Rules of Court, and the Federal regulatory authorities of the Fair Debt Collection Practices act in pursuit of unjust enrichment.

## Count IV
### Intentional infliction of emotional distress

61. The allegations of paragraphs 11 through 46 of this Complaint are realleged and incorporated by reference.

62. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into accepting an improper venue for the collection of a debt by litigation claimed to owed, and or asserted to owed to another wherein said party defendants openly conspired to systematically deny the Plaintiff his right to due processes of State and Federal Law.

63. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

### Requested Relief

A. **WHEREFORE**, the Plaintiff respectfully requests relief as follows:

For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further State collection activities due directly to their

ongoing and continuing violations of the Fair Debt Collection Practices Act, Telephone Consumer Protection Act, the Michigan Consumers Protection Act and the Michigan Revised Judicature Act.

B. For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

Attempting to place the Plaintiff on any "deadbeat list" or attempting in any way to impugn the Plaintiff's reputation as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

C. For an order awarding actual damages in the following amount:

Against Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C., in the amount of $8,975.56.

D. For an order awarding statutory damages in the following amounts:

Against Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C., for violations of the Fair Debt Collection Practices Act, in the amount of $1,000.

E. Against Against Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C., for violations of the Michigan Revised Judicature Act in the amount of $5,000.00 legal fees.

F. Against Defendants Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825) in the employ of Shermeta, Adams & Von Allmen P.C.,, for violations Michigan Revised Judicature Act for a Malicious Prosecution $15,000.

G. And for such other and further relief as the court deems just and proper under the circumstances.

This Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages has been submitted this 15th Day of June 2015 under the hand of Darlene J. Dowling.

*Darlene J. Dowling*
Darlene J. Dowling
703 S. Greenville W. Drive
#7-242
Greenville Michigan  48838
734 788 7446

## Certificate of Service

Case Number:

The Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages was served this day, June 15th, 2015 by United States Postal Service Certified postage[19] to Kyle J. Von Allmen (P52776), Terri P. Gruca (P55821) and Lesley W. Shermeta (P75825), Shermeta, Adams & Von Allmen, P.C., Post Office Box 5016, Rochester, Michigan 48308; Telephone 248 519 1700

*Darlene J. Dowling*
Darlene J. Dowling

703 S. Greenville W. Drive

#7-242

Greenville Michigan 48838

Telephone: 734 788 7446

---

19. United Postal Service Certified Mail Receipt Number: 7004 2510 0000 3364 4128