UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARLENE J. DOWLING )<br>   Plaintiff, )<br>)<br>-v- )<br>)<br>SHERMETA, ADAMS, & VON ALLMEN, )<br>P.C., )<br>   Defendant. )<br>_____ ) | No. 1:15-cv-00628<br><br>HONORABLE PAUL L. MALONEY |

**ORDER TO SHOW CAUSE**

Defendant filed a motion for summary judgment on May 31, 2016. (ECF No. 25.) Plaintiff has failed to file a response in a timely manner, despite refusing to concur with the motion. (*See id.* at PageID.87–88.)[1]

Plaintiff **SHALL SHOW CAUSE** why she has not timely filed a response to the pending motion for summary judgment. In the event Plaintiff does not wish to file a response to the motion, Plaintiff's counsel must explain why he refused to concur with the motion but then took no action to oppose the motion.

Should Plaintiff wish to file a response to the motion for summary judgment, she must first file a motion seeking an extension of time under Fed. R. Civ. P. R. 6(b)(1)(B), which provides that a court may extend the time to act after a deadline has expired, but only because of "excusable neglect." *See, e.g., Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). A proposed response to the motion for summary judgment must be attached to a motion seeking an extension of time. *See* W.D. Mich. LCivR 5.7(f). And of course, any such motion must be accompanied by a separate certificate of concurrence. *See* W.D. Mich. LCivR 7.1.

---

[1] This represents the second show-cause order that the Court has had to issue to Plaintiff for failing to abide by deadlines and otherwise communicate. (*See* ECF No. 14.)

The response to this show-cause order, along with any motion seeking an extension of time to file a response, must be filed no later than Friday, July 29, 2016.

If Plaintiff does not file a timely response to this show-cause order, the Court may dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(b) and W.D. Mich. LCivR 41.1 for failure to comply with this order and otherwise failing to prosecute this case in what has become a pattern of untimeliness, *see supra* note 1. *See, e.g., Southern Wabash Comm'ns, Ltd. v. Union Cty. Broad. Co.*, 69 F. App'x 285, 290 (6th Cir. 2003) ("A district court does not abuse its discretion in dismissing a case 'if the party has the ability to comply with a[n] . . . order but does not.'"); *Miller v. Shore Fin. Serv., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) ("Of course, an action may be dismissed for failure to comply with procedural requirements if the plaintiff's failure to cooperate rises to a failure to prosecute.").

**IT IS SO ORDERED.**

Date:  July 20, 2016                    /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge